UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

AJAY SURESH,

                                Plaintiff,

            -v-

CRAIN COMMUNICATIONS, INC.,

                                Defendant.

23 Civ. 4976 (PAE) (JW)

OPINION & ORDER

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Currently pending is a motion by defendant Crain Communications, Inc. ("Crain") to dismiss plaintiff Ajay Suresh's Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkts. 1, 11. Before the Court is the February 13, 2024 Report and Recommendation of the Hon. Jennifer E. Willis, United States Magistrate Judge, recommending that the Court deny Crain's motion. Dkt. 20 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4

(S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Willis's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 11, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court denies defendant's motion to dismiss. The Court respectfully directs the Clerk of Court to terminate all pending motions.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 28, 2024
New York, New York